UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:22-cv-81034-DMM

NELSON FERNANDEZ,

    Plaintiff,
v.

BOLUFE DESIGNS, LLC,
a Florida limited liability company,

    Defendant.
_____/

**JOINT MOTION FOR APPROVAL AND ENTRY OF CONSENT
DECREE AND TO DISMISS ACTION WITH PREJUDICE**

Plaintiff NELSON FERNANDEZ and Defendant BOLUFE DESIGNS, LLC, by and through their respective undersigned counsel, hereby move for the Court's approval and entry of the attached Consent Decree and for the dismissal of this action with prejudice.

1. This is an action under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("Title III" of the "ADA"). Plaintiff alleges that Defendant violated Title III of the ADA due to Defendant's website located at https://bolufeboutique.com/ not being sufficiently accessible to visually-impaired individuals. Defendant denies that its website is a public accommodation or a place of public accommodation, or that its website is otherwise subject to Title III of the ADA, and Defendant denies any violation of the ADA or any other wrongdoing.

2. To avoid continued litigation, to provide a reasonable degree of certainty as to the accessibility of the Website, and to provide an effective mechanism for addressing issues that may arise without the need for future litigation, the parties request entry of the Consent Decree attached hereto as Exhibit "A."

3. The desire to provide a reasonable degree of certainty is particularly compelling in

light of the Eleventh Circuit's decision in Gil v. Winn-Dixie Stores, Inc., 993 F.3d 1266 (11th Cir. 2021), and the Eleventh Circuit subsequently vacating that decision. 21 F.4th 775, 776 (11th Cir. 2021). As such, there currently is no controlling law in the Eleventh Circuit as to the applicability of Title III of the ADA to a website operated by a commercial business.

4. The parties agree and respectfully submit that the attached Consent Decree is fundamentally fair, adequate and reasonable to improve access at the Website for persons with disabilities, and otherwise meets the purposes of Title III of the ADA.

5. The standard for evaluating a consent decree was cogently and succinctly set forth by the court in Florida Wildlife Fed'n, Inc. v. Jackson, 2009 WL 5217062, at *3 (N.D. Fla. Dec. 30, 2009):

> A court may properly enter a consent decree only if the settlement it incorporates is "fair, adequate, and reasonable and is not the product of collusion between the parties." Cotton v. Hinton, 559 F.2d 1326, 1330 (5th Cir. 1977). As a general rule, "[d]istrict courts should approve consent decrees so long as they are not unconstitutional, unlawful, unreasonable, or contrary to public policy." Stovall v. City of Cocoa, Fla., 117 F.3d 1238, 1240 (11th Cir. 1997). The decree must not violate the Constitution, statutes, or governing law. Id.; Howard v. McLucas, 871 F.2d 1000, 1008 (11th Cir. 1989). When the underlying claim is to enforce a statute, the consent decree must be consistent with the statutory objectives. See White v. Alabama, 74 F.3d 1058, 1074 & n. 52 (11th Cir. 1996).

6. The parties' Consent Decree clearly satisfies this standard. It is fair, adequate and reasonable, and it is not the product of collusion. Moreover, the Consent Decree is consistent with the general accessibility objectives of the ADA.

7. Judges in this District have recently approved consent decrees substantially similar to the parties' Consent Decree in this action. See, e.g., Petersen v. Brighton Collectibles, LLC, Case No. 0:22-cv-61220-KMM, ECF No. 18 (S.D. Fla. September 21, 2022); Lucius v. Via Emilia Garden, LLC, Case No. 1:22-cv-20771-JLK, ECF No. 15 (S.D. Fla. May 27, 2022) (King, J.); Fernandez v. Dock Square Clothiers Incorporated, Case No. 9:22-cv-80022-KAM, ECF No. 11

(March 7, 2022) (Marra, J.); Fernandez v. Shuart Enterprises, Case No. 9:21-cv-80605-RKA, ECF No. 20 (S.D. Fla. June 21, 2021) (Altman, J.).

8. Accordingly, the parties respectfully request that the Court review, approve and ratify the Consent Decree. As part of the parties' settlement embodied by the Consent Decree, the parties have agreed to a dismissal of this action with prejudice, with such dismissal being conditioned on the Court retaining jurisdiction to enforce the Consent Decree. See Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272, 1280 (11th Cir. 2012). Therefore, the parties request, upon the Court's review, approval and ratification of the Consent Decree, that the Court dismiss this action with prejudice and reserve jurisdiction to enforce the Consent Decree.

9. Except as otherwise stated in the Consent Decree, the parties to this action shall bear their own respective fees and costs.

WHEREFORE, the parties respectfully request that the Court enter an order (a) approving and entering the attached Consent Decree, (b) dismissing this action with prejudice, (c) retaining jurisdiction to enforce the Consent Decree and (d) granting such additional relief as the Court deems just and proper.

Dated: October 5, 2022                                                  Respectfully submitted,

*s/ Roderick V. Hannah*                                                 *s/ Adam S. Chotiner*[1]
Roderick V. Hannah, Esq.                                                Adam S. Chotiner, Esq.
FL Bar No. 435384                                                       FL Bar No. 0146315
Roderick V. Hannah, Esq., P.A.                                          Shapiro, Blasi, Wasserman & Hermann, P.A.
4800 N. Hiatus Road                                                     7777 Glades Road, Suite 400
Sunrise, FL 33351                                                       Boca Raton, FL 33434
Tel: (954) 362-3800                                                     Tel: (561) 477-7800
Fax: (954) 362-3799                                                     Fax: (561) 477-7752
Email: rhannah@rhannahlaw.com                                           Email: achotiner@sbwh.law
*Counsel for Plaintiff*                                                 *Counsel for Defendant*

---

[1] Plaintiff's counsel has provided Adam S. Chotiner with express authority to jointly file this motion.

*s/ Pelayo M. Duran*
Pelayo M. Duran, Esq.
FL Bar No. 0146595
Law Office of Pelayo M. Duran, P.A.
4640 N.W. 7th Street
Miami, FL 33126-2309
Tel: (305) 266-9780
Fax: (305) 269-8311
Email: duranandassociates@gmail.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ Adam S. Chotiner*
ADAM S. CHOTINER, ESQ.

**SERVICE LIST**

*Nelson Fernandez v. Bolufe Designs, LLC*
Case No. 9:22-cv-81034-DMM
United States District Court, Southern District of Florida

| | |
|---|---|
| Roderick Victor Hannah, Esq.<br>E-Mail: rhannah@rhannahlaw.com<br>Roderick V. Hannah, Esq., P.A.<br>4800 North Hiatus Road<br>Sunrise, FL 33351<br>Tel: (954) 362-3800<br>Fax: (954) 362-3779<br>Counsel for Plaintiff<br>*Via CM/ECF* | Adam S. Chotiner, Esq.<br>E-Mail: achotiner@sbwh.law<br>Shapiro, Blasi, Wasserman & Hermann, P.A.<br>7777 Glades Rd., Suite 400<br>Boca Raton, FL  33434<br>Tel: (561) 477-7800<br>Fax: (561) 477-7722<br>Counsel for Defendant<br>*Via CM/ECF* |
| Pelayo M. Duran, Esq.<br>E-Mail: pleadings@pelayoduran.com<br>Law Office of Pelayo Duran, PA<br>4640 NW 7th Street<br>Miami, FL 33126<br>Tel: (305) 266-9780<br>Fax: (305) 269-8311<br>Counsel for Plaintiff<br>*Via CM/ECF* | |